(No. 5350—)

ERNEST VALERIO, Claimant *vs.* STATE OF ILLINOIS, RE-spondent.

*Opinion filed December 17, 1968.*

S. J. HOLDERMAN, Attorney of Claimant.

WILLIAM G. CLARK, Attorney General; ETTA J. COLE, Assistant Attorney General, for Respondent.

PEZMAN, J.

This cause of action is brought by claimant, Ernest Valerio, a dealer in bait fish, against respondent, State of Illinois, for damages occasioned by the escape of water from the Illinois and Michigan Canal on May 12, 1966. The complaint charges that respondent negligently failed to maintain the banks of the Illinois and Michigan Canal in a good state of repair; and that, as a result of the improperly kept banks, they broke, and allowed the water from the Illinois and Michigan Canal, which was contami-nated and polluted with various items of pollution, to flow into the pond rented by claimant for storage of his bait fish, washing out the northwest wall of said pond, and allowing all of claimant's bait fish to escape. Claim-ant also charges that the resulting pollution of the pond prevented him from continuing his business as a bait fish dealer.

The evidence indicates that claimant rented a spring-fed pond from one Arthur Steffes in Aux Sable Town-ship, Grundy County, Illinois. The pond in question is located approximately 300 to 400 feet south of the Illi-

nois and Michigan Canal, which is owned and maintained by the State of Illinois. The pond is approximately one-half mile north of the Illinois River. On the date in question, claimant was engaged in the business of supplying bait fish to fishermen and other bait dealers. Claimant testified that at the time of the flooding of the pond he had approximately 1,320 pounds of bait fish in the pond.

On May 11 and 12, 1966, there was a rainfall of 3.41 inches, which caused the Illinois and Michigan Canal to overflow, break the south bank of the canal, and wash out the northwest bank of the pond rented by claimant, with the resulting destruction and loss of all the bait fish of claimant, and the depositing of slime, mud and oily matter in the pond, which made it unfit for further use as a storage pond for bait fish.

Arthur Steffes testified that on May 12, 1966 the south bank of the Illinois and Michigan Canal broke in three separate places, flooding the pond, and causing the northwest wall of said pond to wash out; that, when the water finally receded, the pond was slimy and oily, and was unfit for the storage of bait fish; and, that at no time did the Illinois River back up to a sufficient height to flood the pond rented by claimant.

Arthur Steffes further testified that, during the last two years immediately preceding the incident in question, he had observed a great many trees lying along the canal bank. He also saw muskrat holes, as well as woodchuck holes, all along the canal banks, and stated that nothing had been done in the way of maintenance during that time.

Phillip M. Zink testified that on May 12, 1966 he

witnessed the flooding of the fish pond by water from the Illinois and Michigan Canal flowing from a break in the south bank of the canal, and that the river water from the Illinois River did not reach the fish pond.

James W. Hughes also testified that the pond was about four feet higher than the Illinois River water, which never approached closer than 150 feet to the pond.

Claimant testified that the retail value of the bait fish in the pond at the time of the flooding was $2,110.00, and that the cost of the fish was approximately $565.00. He testified that, as a result of the flooding, all of his bait fish were destroyed, and the pond was rendered unfit for future use as a storage pond for bait fish, thereby forcing him to discontinue his business as a supplier of bait fish. This resulted in an additional loss of $200.00 a week income from May 13, 1966 to September, 1966.

The only evidence submitted by respondent in this cause was an engineering report of investigation prepared by the Department of Public Works and Buildings, Division of Waterways, State of Illinois. This report states that it is the opinion of the Division of Waterways that the Illinois and Michigan Canal was maintained in a reasonable condition prior to the alleged canal breaks. The report also states that the damage suffered by claimant was caused by flood waters of the Illinois River, and that the damage to the ponds caused by the water from the Illinois and Michigan Canal was negligible. The same report admitted that this reach of the canal had been plagued by breaks in the canal banks caused by flashflooding, seepage, and by animal activity, especially muskrats, since the canal was constructed. It indicated that there had not been any inspection of the canal or its banks at the location in

question from November, 1965 until after the break in May, 1966, or for some six months.

It is the opinion of this Court that there is sufficient testimony in the record to find that the bank of the Illinois and Michigan Canal was negligently maintained; that the water in the canal was kept at a dangerously high level; that the rainfall was not unprecedented; and, that the State could and should have anticipated that the defective bank of the Illinois and Michigan Canal would wash out and give away and that damage would result to adjacent properties, including claimant's fish pond. This Court feels that claimant is entitled to compensation for the loss of his bait fish. The measure of damages to which claimant is entitled is his cost of the fish, or the sum of $565.00.

It is the further opinion of this Court that claimant's testimony as to his loss of future profits by reason of the fact that the pond was rendered unfit for the future storage of bait fish was too vague and uncertain to entitle him to any award for loss of future profits.

Claimant is hereby awarded the sum of $565.00.